# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION

Civil Action No. ___4:03-CV-31-H___

FILED

FEB 26 2003

DAVID W. DANIEL, CLERK
US DISTRICT COURT
E. DIST. N. CAROLINA

|  |  |  |
|---|---|---|
| DAVID C. ANDERSON, | ) | |
| SAMUEL PULLEN on behalf of | ) | |
| themselves and all others similarly | ) | |
| situated, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
|  | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
|  | ) | |
|  | ) | |
| SARA LEE CORPORATION and | ) | |
| DOES[1] 1 through 100, Inclusive, | ) | |
|  | ) | |
| Defendants. | ) | |

Defendant Sara Lee Corporation ("Sara Lee"), by its undersigned counsel of record, hereby petitions for and gives notice of removal of an action filed by David C. Anderson and Samuel Pullen on behalf of themselves and all others similarly situated ("Plaintiffs") in the General Court of Justice, Superior Court Division of Edgecombe County, North Carolina to the United States District Court for the Eastern District of North Carolina. In support of this Notice of Removal, Sara Lee shows the following grounds:

---

[1] Although the caption includes "Does 1 through 100" the Complaint does not name or identify any defendant other than Sara Lee Corporation. Defendant Sara Lee assumes that this was a typographical error in the caption and will treat it as such.

1

SCANNED

1.    On or about January 24, 2003, Plaintiffs commenced this action by filing a summons and Complaint in the General Court of Justice, Superior Court Division for Edgecombe County (Civil Action No. 03CVS83). A copy of the summons and Complaint is attached as Exhibit A.

2.    On or about January 27, 2003, Sara Lee was served with a copy of the summons and Complaint. To date, these are the only documents that have been served in this action. The time to answer the complaint has not yet expired.

3.    Defendant removes this action on the grounds of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.

4.    This matter is removable on the ground of diversity jurisdiction because it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5.    Upon information and belief, Plaintiff David C. Anderson ("Anderson") and Plaintiff Samuel Pullen ("Pullen") are citizens and residents of the State of North Carolina. Sara Lee is a Maryland corporation with its principal place of business in the State of Illinois. Sara Lee is therefore a citizen of the states of Maryland and Illinois. 28 U.S.C. § 1332(c)(1).

6.    Plaintiffs seek to recover compensatory damages, punitive damages, attorneys' fees, and have brought a claim under North Carolina's Unfair and Deceptive Trade Practices Act, N.C.G.S. §75-1.1 *et seq,* which allows for treble damages; therefore, the amount in controversy

2

would exceed $75,000, exclusive of interest and costs and this matter is properly removable to this Court.

7.      Furthermore, Defendant removes this action on the ground that the United States District Courts have original jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1441 because it is a civil action arising under the Constitution, laws, or treaties of the United States.

8.      This matter is removable on the ground of federal question jurisdiction because Plaintiffs' Complaint seeks recovery of unpaid wages and overtime pay, thereby, directly implicating the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, including the Portal-to-Portal provisions, 29 U.S.C. §251, *et seq.*[2]

9.      The thirty-day period for filing a notice of removal under 28 U.S.C. § 1446 has not yet expired.

10.      Sara Lee is giving written notice of this Notice of Removal to all parties and is filing a copy of this Notice of Removal with the Clerk of the State of North Carolina, Edgecombe County, General Court of Justice, Superior Court Division.

WHEREFORE, Sara Lee respectfully requests that this action be removed from the General Court of Justice, Superior Court Division of Edgecombe County, North Carolina, to this Court.

---

[2] *See* North Carolina Wage and Hour Act, §§ 95-25.14 (exempting employers from the North Carolina Wage and Hour Act who are covered by the Fair Labor Standards Act.)

This the 25th day of February, 2003.

W.R. Loftis, Jr.
N.C. State Bar No. 2774

Robin E. Shea
N.C. State Bar No. 15862

Kristine M. Howard
N.C. State Bar No. 26903


OF COUNSEL:

CONSTANGY, BROOKS & SMITH, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: 336-721-1001
Facsimile: 336-748-9112

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **NOTICE OF REMOVAL** was sent to Plaintiffs' counsel by depositing a copy of same in the United States Mail in Winston-Salem, North Carolina, postage prepaid, and addressed as follows:

> Alvin L. Pittman, Esq.
> 5959 W. Century Blvd., Suite 712
> Los Angeles, CA 90045

The undersigned hereby certifies that on this date a copy of the foregoing **NOTICE OF REMOVAL** was sent to the following individual via Federal Express, and addressed as follows:

> Ms. Carol Allen White
> Clerk of Court
> Edgecombe County Courthouse
> 301 St. Andrews Street
> P.O. Box 9
> Tarboro, NC 27886

This the 25th day of February, 2003.

_Robin E. Shea_
Robin E. Shea

OF COUNSEL:

CONSTANGY, BROOKS & SMITH, LLC
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: 336-721-1001
Facsimile: 336-748-9112
E-mail: rshea@constangy.com

5

# STATE OF NORTH CAROLINA

File No. 03CVS 83

_____Edgecombe_____ County

In The General Court Of Jus...
☐ District ☒ Superior Court Div

| | |
|---|---|
| Name Of Plaintiff<br>David C. Anderson and Samuel Pullen<br>Address<br>c/o Alvin L. Pittman, 5959 W. Century Blvd, Suite 712<br>City, State, Zip<br>Los Angeles, CA 90045<br>VERSUS | **CIVIL SUMMONS**<br><br>G.S. 1A-1, R |
| Name Of Defendant(s)<br>Sara Lee Corporation | ☐ Alias and Pluries Summons<br><br>Date Last Summons Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Sara Lee Corporation<br>c/o Corporation Service Company<br>327 Hillsborough Street<br>Raleigh, NC 27603 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by m... to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complain...

| Name And Address Of Plaintiff's Attorney Or None, Address Of Plaintiff<br>Alvin L. Pittman<br>Law Offices of Alvin L. Pittman<br>5959 W. Century Boulevard, Suite 712<br>Los Angeles, California 90045 | Date Issued<br>1-24-03 | Time<br>3.25 ☐ AM |
|---|---|---|
| | Signature | |
| | ☑ Deputy CSC | ☐ Assistant CSC ☐ Clerk Of Superior |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended thirty (30) days. | Date Of Endorsement | Time<br>☐ AM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC | ☐ Assistant CSC ☐ Clerk Of Superior |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controvers $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for m... arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100

NORTH CAROLINA
COUNTY OF EDGECOMBE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO: 0 3 CVS 83

David C. Anderson,
Samuel Pullen on behalf of
themselves and all others similarly
situated;

        Plaintiffs.

        v.

SARA LEE CORPORATION and
DOES 1 through 100. Inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CLASS ACTION

COMPLAINT FOR:

1. NEGLIGENCE

2. BREACH OF CONTRACT

3. FRAUD

4. CONVERSION

5. UNFAIR TRADE PRACTICES

6. INJUNCTION

C:\CLIENTS\30\COMPLAIN.PULLEN2

1

## A. DEFENDANT

Defendant Sara Lee Corporation is a Maryland corporation doing and licensed to do business in the County of Edgecombe, State of North Carolina engaged in the production and national distribution of perishable consumer products. Upon information and belief, Defendant, Sara Lee is, and was during all relevant time, the employer or former employer of the Plaintiffs Samuel Pullen and David C. Anderson and all Class Members.

## B. PLAINTIFFS

Individual and Representative Plaintiffs, David C. Anderson (a former employee of Sara Lee) and Samuel Pullen (a current employee of Sara Lee) ("herein collectively called Plaintiffs"), on behalf of themselves and all class members as described below, complain against Defendant Sara Lee ("Defendant") as follows:

## C. THE CLASS

The Class consists of all current and former non-exempt hourly employees who work or worked at Sara Lee's production facility located in the State of North Carolina, County of Edgecombe, City of Tarboro, at anytime within the statutory periods applicable to the claims herein, and who were and are required to comply, and complied, with Sara Lee's mandatory time card and uniform policies which operate to require employees to "dress and undress-at-work" into and out of Employer provided uniforms as a condition of employment and without compensation. Hereinafter, this policy and practice is called mandatory "dress and undress-at-work" uniform requirement.

## D. NATURE OF THE CASE

1.     This is a class action brought by Plaintiffs Samuel Pullen and David C. Anderson on behalf of themselves and as Class Representatives on behalf of all current and former non-exempt production employees and former employees required by Sara Lee to comply with its mandatory "dress and undress-at-work" uniform requirement in the discharge of their duties, and who are or were employed by Sara Lee at its production facility located in the

C:\CLIENTS\302\COMPLAIN.PULLEN2                    2

State of North Carolina, County of Edgecombe, City of Tarboro, within the time periods set out for which relief is sought herein below and who complied with Sara Lee's requirement without receiving compensation for such compliance.

2.      Upon information and belief, the class consists of more than 2000 employees and is so numerous that joinder is impracticable and disposition of claims by a class action rather than individual actions will benefit the parties and the court.

3.      There is a well defined community of interest in the questions of law and fact involved affecting the Class, in that Sara Lee has required all members and/or is requiring current employees and members to comply with its "dress and undress-at-work" uniform requirement without compensation, resulting in economic damages and detriment to many current and former non-exempt production employees; estimated to be more than 2000. This common question of law and fact predominate over questions that affect all of the individual Class Members. Proof of a common set of facts will establish the liability of Defendants to the named Plaintiffs, each member of the Class and to the Class as a whole.

4.      The claims of the Plaintiffs Anderson and Pullen are typical of those of the Class, and the Named Plaintiffs will fairly and adequately represent the interests of the Class.

5.      There is no plain, speedy or adequate remedy other than by maintenance of this Class action since re-litigating the same set of facts, which apply to all Class members, would be an unnecessary waste of judicial resources and it may result in inconsistent verdicts and/or standards of conduct for the defendants, potentially impairing the rights of Class Members and the disposition of their interests through actions to which they were not parties.

6.      Since at least 1992, Sara Lee has by implementing contradictory and deceitful

C:\CLIENTS\J07\COMPLAIN.PULLEN2                3

policies which require non-exempt hourly employees to work without compensation as follows,

**Identification Cards And Time Recording,** "your time card must be punched every time you enter or leave the plant...when punching in or out, work clothes must be worn at all times" and:

**Uniforms & Laundry** "you will receive appropriate garments when you first report to work".(Daily)

7. Defendant Sara Lee's employment policies and requirements in effect for at least three years prior to commencement of this action has mandated, (and continues to mandate) that all production non-exempt current and former (or non-office) hourly employees wear a uniform provided by the Employer.

8. The uniform required by Sara Lee to be worn by all non-exempt hourly employees pursuant to Sara Lee's own policy and procedure is issued to the employees daily upon arrival for the start of their shifts.

9. Sara Lee requires and has required all non-exempt hourly employees to dress into the uniform at its premises on the employees' workday, at the start of each shift.

10. Upon information and belief pursuant to Sara Lee's employment policies, all non-exempt hourly (or non-office) employees, are and have been since at least 1992 required to report to work, pick up an employer provided uniform and, thereafter, change into it, before the employees are allowed to swipe themselves in for compensation tracking and payment purposes.

11. Upon information and belief, pursuant to Sara Lee's mandatory requirement, at the end of each scheduled work shift, non-exempt hourly employees are required to swipe themselves off the time clock, for compensation purposes, thereby terminating their

C:\CLIENTS\302\COMPLAIN.PULLEN2                 4

1 recorded compensable time and, thereafter, remove their Employer provided uniforms, return
2 to their personal clothes and turn in the Employer provided uniforms to an Employer
3 designated representative.
4
5     12.    Upon information and belief, the named Plaintiffs and all Class Members,
6 spend between 15 and 30 minutes daily complying with Sara Lee's uniform requirements at the
7 start of each work shift without being compensated.
8
9     13.    Upon information and belief, pursuant to the Sara Lee's end of shift uniform
10 requirement, each non-exempt production employee must spend 15 to 30 minutes each day that
11 they work, undressing at work, to comply with the mandatory return of the Employer provided
12 uniform and other Sara Lee policies.
13
14     14.    Non-exempt (hourly) production employees including the named Plaintiffs and
15 all Class Members, are not and have never been compensated for the 30 minutes to one hour of
16 time that they have spent and/or spend each day that they work, complying with Defendant's
17 uniform requirements at the start and end of their shifts on each workday.
18
19     15.    Sara Lee has, since at least 1992 and continues to date, treated time expended
20 by the employees to comply with the mandatory uniform requirements and related policies at the
21 start and end of each shift as non-compensable time.
22
23     16.    Plaintiffs Pullen and Anderson and all Class Members were hired by Defendant
24 Sara Lee pursuant to a promise by Sara Lee to obey and comply with all laws respecting
25 employees rights and to pay an agreed upon hourly wage for all time worked by them that would
26 be considered compensable time under applicable law, in return for their performance of services
27 demanded and fulfillment of the duties assigned or requested by Sara Lee. Additionally Sara Lee
28 C:\CLIENTS\302\COMPLAIN.PULLEN2                                     5

1  promised Pullen, Anderson and all Class Members that they would be paid one and one-half

2  times their regular hourly rates for all hours worked in excess of forty in one week.

3

4      17.    All non-exempt (hourly) production employees and former employees including

5  the named Plaintiffs accepted Sara Lee's promises, express and implied, by accepting

6  employment and commencing conforming work as directed by Sara Lee.

7

8      18.    Plaintiffs Pullen and Anderson and all Class Plaintiffs, who accepted employ-

9  ment with Sara Lee and actually complied with Sara Lee's "dress and-undress-at-work" uniform

10  and time record requirements, by so doing, rendered Sara Lee obligated,  to make payment of

11  agreed upon hourly wages (including overtime) for all time worked and services performed

12  pursuant to its policies.

13

14      19.    Sara Lee, as an employer, is and has been required by law to maintain

15  accurate time records reflecting all work time by its non-exempt employees.

16

17      20.    Pursuant to its written policies, Sara Lee has failed and refused to maintain time

18  records reflecting the amount of time required for Plaintiffs Pullen and Anderson and all of the

19  other Class Members and  to comply with its dress and undress-at-work uniform dress

20  requirement.

21

22      20.    The Named Plaintiffs and Class Members have all complied with the dress

23  and undress-at-work performance requirements of Sara Lee,  for which they have not been

24  compensated.

25

26      21.    Until now, the named Plaintiffs and Class Members did not know and could

27  not have reasonably discovered that they were entitled to compensation that was not being paid

28  C:\CLIENTS\302\COMPLAIN.PULLEN2                    6

1  to them because of the comparative difference in power and knowledge between them and

2  Sara Lee, maintained "dress and undress-at-work" requirement was a compensable service under

3  law. Upon information and belief, Plaintiffs Pullen and Anderson and the Class Members have

4  all been led by Sara Lee to believe that if they wanted their jobs, dressing and undressing at work

5  without compensation was necessary.

6

7      22.    Sara Lee's policies provide that employees "...will receive appropriate work

8  garments when you first arrive to work".

9      23.    Sara Lee has, maintains and enforces and has maintained and enforced

10  since at least 1992, a policy addressing "the conditions controlling time cards and time clocks

11  which employees are required to follow.

12      24.    Compliance with Sara Lee's "...conditions controlling time cards and time

13  clocks..." result in slave labor (uncompensated services) by Pullen, Anderson and the members

14  of the Class.

15      25.    The amount in controversy exceeds ten thousand dollars ($10,000).

16

17              FIRST CLAIM: <u>NEGLIGENCE</u>

18

19      27.    Plaintiffs and Class Members hereby re-allege and incorporate by reference

20  all of the preceding Paragraphs (1 through 26, inclusive).

21

22      28.    Incident to the hiring of each employee and ongoing thereafter, Sara Lee

23  promised and promises to pay each and every non-exempt production employee an agreed upon

24  hourly rate of pay for all work time compensable that would otherwise be compensable

25  under applicable state or federal wage law.

26

27      29.    Sara Lee owed and owes all of its current non-exempt production

28  C:\CLIENTS\502\COMPLAIN.PULLEN2          7

1  employees the duty to maintain accurate time records and to compensate them on an hourly

2  basis for all time compensable under law, including time and a half compensation for all

3  overtime work.

4

5       30.     Sara Lee owed and owes all of its non-exempt production employees employed at

6  any time within the applicable limitations period the duty to maintain accurate time

7  records and to compensate them on an hourly basis for all time compensable under law,

8  including time and a half compensation for all overtime work as defined by applicable wage and

9  hour law, time spent complying with its "dress and undress-at-work" uniform requirement.

10

11       31.     On going since at least three years prior to the commencement of this action,

12  Sara Lee carelessly or otherwise failed to maintain time records or and to compensate all

13  non-exempt production employees (current and former) including the named Plaintiffs and

14  all Class Members.

15

16       32.     Ongoing for more than three years prior to filing of this action  Sara Lee has failed

17  and refused to keep its promise to Plaintiffs Pullen, Anderson and all other Class Members by

18  requiring them to perform 30 minutes to one hour of services daily without compensation.

19

20       33.     Sara Lee has breached and continues to breach of its duty to Plaintiffs Pullen,

21  Anderson and the Class Members.

22

23       34.     Sara Lee's past and ongoing breach of its duty to Plaintiffs Pullen and, Anderson

24  and the Class Members was, and continues to be, a direct and proximate cause of

25  economic losses to all Plaintiffs (Pullen and Anderson) and the Class Members.

26

27       35.     Plaintiffs Pullen and Anderson, on behalf of themselves and all members of

28  C:\CLIENTS\302\COMPLAIN.PULLEN2         8

1   the Class seek economic damages for unpaid compensation, regular and overtime wages,

2   with interest.

3

4       36.     Plaintiffs Pullen and Anderson, and the Class Members seek recovery here upon

5   a claim of Negligence.

6

7                   SECOND CLAIM:  BREACH OF CONTRACT

8

9       37.     Plaintiffs and Class Members hereby re-allege and incorporate by reference

10  all of the preceding Paragraphs (1 through 36 inclusive).

11

12      38.     An agreement existed and exists between Plaintiffs Pullen and Anderson and all

13  Class Members and Defendant Sara Lee under which the named Plaintiffs and all Class

14  Members agreed to follow the directives and work requirements and to perform duties

15  assigned them by Sara Lee in exchange for Sara Lee's payment of compensation to them

16  at agreed upon hourly rates (regular time and overtime) for all time worked as defined by

17  applicable wage and hour laws.

18

19      39.     Plaintiff's Pullen, Anderson and all Class Members have fulfilled all promises,

20  duties and obligations by them due to earn them the compensation required under this

21  agreement and sought by this action.

22

23      40.     Defendant Sara Lee has failed and refused and continues to fail and refuse

24  to perform and fulfill its obligations to compensate to Plaintiffs Pullen, Anderson and the

25  Class Members for all services rendered in compliance with or pursuant to Sara Lee's

26  requirements and directives.

27

28  C:\CLIENT5\302\COMPLAIN.PULLEN2                    9

41.    By Sara Lee's afore-stated actions, it has breached and continues to breach its agreement to pay agreed upon hourly wages, including overtime wages, for all time committed to Sara Lee for the performance of services pursuant to Sara Lee's requirements or directives.

42.    Sara Lee's past and continuing actions in this regard constitutes a breach contract.

43.    As a direct and proximate result of past and continuing actions constituting breach of contract by Sara Lee, Plaintiffs Pullen, Anderson and All Class Members have suffered and continue to suffer economic monetary losses.

44.    Plaintiffs Pullen and Anderson on behalf of themselves and All Class Members seek damages for all unpaid compensation due together with interests thereon.

## THIRD CLAIM: FRAUD

45.    Plaintiffs and Class Members hereby re-allege and incorporate by reference Paragraphs (1 through 26 and 38 through 41 inclusive).

46.    Incident to hiring them, Sara Lee promised, and continues to promise, to compensate Plaintiff Pullen, Anderson and all Class Members for all compensable time served by them pursuant to its requirements.

.47.    In accepting employment and following the employment directives and requirements of Sara Lee Plaintiffs Pullen, Anderson and all Class Members reasonably relied on Sara Lee's promise to pay agreed upon hourly compensation.

C:\CLIENTS\302\COMPLAIN_PULLEN2          10

48.     At the time Defendant Sara Lee promised past and current non-exempt (hourly) production employees, including Plaintiffs Pullen, Anderson and all Class Members that it would compensate them for all time compensable under applicable wage and hour law, served by them pursuant to its requirements, Sara Lee had no intentions of keeping its promise.

49.     Sara Lee continues to falsely promise non-exempt production employees that it will compensate them for all time compensable under applicable law that they served pursuant to its requirements.

50.     In conscious disregard of its promises, Sara Lee intended to require and receive from said employees, services that are compensable under applicable wage and hour laws, without making payment of compensation to Plaintiffs Pullen, Anderson and the Class Members.

51.     Sara Lee willfully failed and refused to pay the named Plaintiffs (Pullen and Anderson) and the Class Members for compensable time that they were required to work daily to conform to Sara Lee's dress requirements at the start and end of shifts.

52.     Sara Lee has been and continues to be unjustly enriched by requiring the named Plaintiff's (Pullen and Anderson) and the Class Members to perform compensable services related to its dress requirement at the start and end of each work shifts without compensating them.

53.     Sara Lee's actions including false promising to pay compensation to all non-exempt production employees for all time required by it that was compensable under law, constitutes fraud, resulting directly and proximately in economic (monetary) losses to Plaintiffs Pullen, Anderson and all Class Members.

54. Plaintiffs Pullen and Anderson, on behalf of themselves and all Class Members, seek economic damages for unpaid promised wages, together with interests thereon.

55. Plaintiffs Pullen and Anderson, on behalf of themselves and all Class Members seek punitive damages against Sara Lee.

## FOURTH CLAIM: CONVERSION

56. Plaintiffs Pullen and Anderson, the Class Members re-allege and incorporate by reference preceding Paragraphs 1-26 and 37-55 to apply here.

57. By conduct more specifically set out above and incorporated herein, Sara Lee has committed, and continues to commit a number of breaches of duties and obligations to its employees including maintaining accurate time records and making payments of earned payments to its employees (Plaintiff's and the Class Members).

58. From each payday within the applicable statute of limitations forward, monies earned by the named Plaintiff and the Class Members through compliance with Sara Lee's mandatory "dress-at-work" uniform requirement at the start and end of each shift became the property of the named Plaintiffs and Class Members.

59. On each pay date, the amount of money due but not paid by Sara Lee for compliance with its mandatory "dress-at-work" uniform requirement by the named Plaintiffs and Class Members, is specific and certain based upon the effective hourly rate in effect at the time for each affected current and former employee.

C:\CLIENTS\302\COMPLAIN.PULLEN2                    12

60. Upon information and belief, Sara Lee is and has been economically benefitted by not paying the named Plaintiffs and the Class Members monies due them for services.

61. By failing to pay the named Plaintiffs and Class Members the monies due them when payment was due and retaining said monies for its own use and benefit Sara Lee's conduct constitutes wrongful conversion.

62. Sara Lee's actions including false promising to pay compensation to all non-exempt production employees for all time required by it that was compensable under law, constitutes fraud, resulting directly and proximately in economic (monetary) losses to Plaintiffs Pullen, Anderson and all Class Members.

63. Plaintiffs Pullen and Anderson, on behalf of themselves and all Class Members, seek economic damages for unpaid promised wages, together with interests thereon.

64. Plaintiffs Pullen and Anderson, on behalf of themselves and all Class Members seek punitive damages against Sara Lee.

## FIFTH CLAIM: UNFAIR TRADE PRACTICES

65 Plaintiffs and Class Members hereby Raleigh and incorporate by reference all of the preceding Paragraphs (1 through 64 inclusive). .

66. Defendant Sara Lee's failure to pay regular and overtime compensation as promised (and as would otherwise be required by applicable wage and hour law) for mandatory uniform requirements at the start and end of non-exempt production employees' work shifts result in unjust enrichment of Sara Lee and, for seeably, unfairly benefits it in

1 the interstate consumer marketplace, thereby violating N.C.G.S. § 75-1.1.

2

3     67.     By Sara Lee's actions, it has committed and continues to commit Breach of

4 Contract, Negligence, Fraud, Conversion against its former and current non-exempt

5 production employees who were and are required by Sara Lee to adhere to its mandatory

6 uniform requirement at the start and end of each work shift.

7

8     68     Sara Lee's actions as set forth herein above are injurious to its non-exempt

9 production employees and the public at large and, upon information and belief, facilitates unfair

10 competition beneficial to Sara Lee.

11

12     69.     As a direct and proximate result of Sara Lee's actions as set out herein above,

13 Sara Lee has reaped and continues to reap unfair benefits and illegal profits at the expense of

14 named Plaintiffs and the Class Members.

15

16     70.     Sara Lee should be immediately enjoined from this activity and made to disgorge

17 these ill-gotten gains and issue or restore to the named Plaintiffs and Class Members the

18 wrongfully unpaid wages, with interests thereon.

19

20     71.     Plaintiffs Pullen and Anderson, on behalf of themselves and the Class request

21 the relief set out herein (above and below in the Prayer), including but not limited to an award of

22 treble damages pursuant to N.C.G.S. § 75-16, and attorneys fees pursuant to N.C.G.S. § 75-16.1

23

24            SIXTH CLAIM: DECLARATORY AND/OR INDUCTIVE RELIEF

25

26     72.     Plaintiffs refer to the allegations in paragraphs 1 to 71 of this complaint

27 and incorporate those allegations as though fully set forth herein.

28 C:\CLIENTS\302\COMPLAIN.PULLEN2          14

73. Defendant Sara lee has continuously engaged in and continue to engage in, acts and conduct in furtherance of its mandatory uniform policy at the start and end of shifts without compensation, which robs the named Plaintiffs and Class members of monies to which they are entitled and unjustly enriches Sara Lee and facilitate unfair competition beneficial to Sara Lee in the consumer marketplace.

74. Plaintiff Pullen and Anderson assert that Sara Lee is still continuing to require Class Members and Plaintiff Pullen, a current employee, to adhere to its mandatory uniform policy and practice without compensation, in breach of their promise to pay for all services performed by employees at its direction.

75. Plaintiffs Pullen and Anderson, on behalf of themselves and the Class Members seek a judicial determination of the rights and duties of all parties herein and a declaration as to the propriety of Defendants' continuing requirement that Plaintiff Pullen and the Class Members currently employed , adhere to its mandatory uniform requirement at the start and end of work shifts without compensation.

76. Plaintiff Pullen and Anderson on behalf of themselves and the Class Members further seek an order preventing Defendant Sara Lee from continued engagement in such conduct.

WHEREFORE, Plaintiffs Pullen and Anderson, on behalf of themselves and all Class Members pray for judgment against Defendant Sara Lee as follows:

1. For all special damages;

2. For compensatory damages;

3. For all economic damages;

C:\CLIENTS\303\COMPLAIN.PULLEN2                    15

1        4.    For all back pay to which the named Plaintiffs and Class Members

2 are entitled, including interest;

3        5.    For all penalties and interest on all sums;

4        6.    For an award of attorneys' fees and costs pursuant to N.C.G.S. § 75-16.1;

5        7.    For treble damages pursuant to N.C.G.S. § 75-16;

6        8.    For punitive damages;

7        9.    For issuance of a temporary restraining order, preliminary injunction,

8 and permanent injunction restraining and enjoining Defendants Sara Lee from further

9 extracting services from employees without compensation through its mandatory uniform

10 policy and practice at the start and end of work shifts.

11        10.    For a mandatory injunction requiring Defendant to modify its

12 mandatory uniform policy to provide compensation for the time required for employees to

13 comply with it as currently constituted.

14        11.    For the payment of all attorneys' fees out of the moneys recovered

15 for the joint benefit of the Members of the Class on all claims; and

16        12.    For such other and further relief as the Court may deem just and proper.

17

18 This the _1-7-03_ day of January, 2003

19

20        Respectfully submitted,

21

22

23        Alvin L. Pittman
       Attorney for Plaintiffs
       David C. Anderson

24        Samuel Pullen And The Class

25        5959 W. Century Blvd., Suite 712
       Los Angeles, CA 90045

26        (310) 337-3077
       North Carolina Bar No.: 8460

27

28 C:\CLIENTS\307\COMPLAIN.PULLEN2        16